Appeal by a claimant, widow of a deceased employee, from a decision of the Workmen’s Compensation Board, which reversed a referee’s decision allowing death benefits and disallowed the claim. The decedent was employed by the City Housing Administration as an inspector of buildings under construction in 1949. His duties required him to climb up and down stairs, at times several flights of stairs. His first attack took place at Macy’s store at White Plains, New York on January 21, 1950, a Saturday, while shopping. The second attack occurred on February 21, 1951 which caused his second hospitalization at St. Agnes Hospital at White Plains suffering from severe chest pains. On Saturday, April 7, 1951 he anfferp.il another attack and was hospitalized on June 3, 1951 at which time he returned to his home where he died on June 15, 1951. The cause of death as listed in the death certificate was acute coronary occlusion and coronary sclerosis. The claim for death benefits is based on overexertion and strain in the course of decedent’s employment over a period extending from the winter of 1949 to April of 1951, his work involving excessive climbing which produced a condition terminating in death. The board found that the occurrence of an accidental injury as contemplated by the statute had not been established; that upon the medical testimony, including that of the impartial specialist, the condition of decedent which resulted in his death was not causally related to his occupation and the physical activity therein. These were questions of fact, and in our opinion- there was substantial evidence from which the Board could have made such findings. Appellant relies on Matter of Fisher v. Buffalo Elec. Co. (2 A D 2d 612), a somewhat similar fact situation. However, in the Fisher case the Workmen’s Compensation -Board found the other way, and the court merely affirmed its findings of fact. Here the board has found that the occurrence of an accidental injury as contemplated by the statute had not been established, and that the condition of the decedent which resulted in his death was not causally related to his occupation and the physical activity therein. Upon the record we may not say as a matter of law that the board could not so determine these questipns of fact. Decision unanimously affirmed^ *1033 without costs.
Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.